IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DIN OGAN SHANGO SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICE OF CHILDREN SERVICES, et al.,<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>ALASKA DEPARTMENT OF REVENUE, et al.,<br><br>TANDESKEE,<br><br>BANNATINE,<br><br>ELMORE, *et al.,*<br><br>        Defendants. | Case No. 3:23-cv-00100-JMK<br><br>Case No. 3:23-cv-00110-JMK<br><br>Case No. 3:23-cv-00134-JMK<br><br>Case No. 3:23-cv-00135-JMK<br><br>Case No. 3:23-cv-00136-JMK<br><br>Case No. 3:23-cv-00244-JMK |

## **ORDER OF DISMISSAL**

The Clerk has received filings from self-represented litigant Din Ogan Shango Smith that have been docketed and assigned case numbers in the Case Management/Electronic Case Files (CM/ECF) system, as set forth above. Plaintiff filed applications to proceed without paying the filing fee in each case. Plaintiff has

subsequently filed numerous "Additional Related Documents" and Motions to submit additional documents.[1]

While the Court must liberally construe filings by self-represented litigants, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[2] "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."[3]

The Court takes judicial notice[4] of Plaintiff's prior federal cases alleging nearly identical violations of his rights and the state cases involving Plaintiff to the extent they are relevant.[5] Upon the Court's review, the Court finds these cases to

---

[1] *See Smith v. Office of Children Service, et al.,* Case No. 3:23-cv-00100-JMK, Docket 8 (denying motion to submit addition evidence).

[2] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[3] *In re McDonald,* 489 U.S. 180, 184 (1989) *(per curiam).*

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records); *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 2 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 2 of 11

be fundamentally similar and appropriate to address in the same order. The Court now screens Plaintiff's complaints in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

In all civil cases in which a self-represented litigant has filed a motion to waive the filing fee, federal law requires the federal district court to screen the claims made in the complaint. Under 28 U.S.C. §§ 1915, 1915A (the screening laws), a complaint must be dismissed if the action is:

- frivolous or malicious;
- fails to state a claim on which relief may be granted; or
- seeks monetary relief from a defendant who is immune from such relief.

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

---

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 3 of 11

## DISCUSSION

I. **Plaintiff May Not Bring Claims on Behalf of Others**

Non-attorney litigants have no authority to represent anyone other than himself.[8] Accordingly, Plaintiff cannot bring claims on behalf of his children or any other individual or organization. Therefore, the Court only considers the allegations affecting Plaintiff personally.

II. **Failure to State a Claim Upon Which Relief Can Be Granted**

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[9] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[11] A complaint seeking relief from a federal court must be clear. It

---

[8] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (parent or guardian cannot bring suit on behalf of minor child); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs). *See also* Fed. R. Civ. P. 11 (filings that do not include the original signature of the filing self-represented party cannot be considered by the Court).

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[11] *Ashcroft*, 556 U.S. at 678.

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 4 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 4 of 11

must be legibly handwritten or typewritten and have margins of at least one inch around all text.[12] A complaint should set out each claim for relief separately and include specifics about how each named defendant is involved in causing an injury to the plaintiff.[13] There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed injury.[14] The Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[15]

The Complaint here is neither short nor plain and does not set forth facts that could state a viable claim for relief. During screening, the Court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[16] Nonetheless, in the interests of fundamental fairness, the Court attempted to flesh out Plaintiff's claims. Plaintiff's narrative contains unintelligible claims involving kidnapping, human trafficking, wrongful incarceration, the Magna Carta, embezzlement, evictions, garnished wages, denial of disability benefits, distribution of the Permanent Fund Dividend, genocide, and child abuse. Plaintiff

---

[12] *See* D. Alaska Loc. Civ. R. 7.5.

[13] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[14] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[15] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[16] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 5 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 5 of 11

has submitted hundreds of pages of attachments, including correspondence from the Social Security Administration, the Alaska Department of Revenue, the Alaska Department of Commerce, the Child Support Services Division, the Department of Motor Vehicles, the Louisiana Secretary of State, U.S. Citizenship and Immigration Services, and Catholic Social Services. He also included his children's special education records, his medical records, records from state cases, and documents from cases previously dismissed by the Court. Many of the documents are duplicative, contain records involving defendants named in other actions, or concern events that likely are time-barred.

From what the Court can discern, Plaintiff's claims all concern the custody of his children and the family's finances. The Court has previously provided Plaintiff with ample guidance, yet Plaintiff brings claims duplicative of claims previously dismissed. Further, Plaintiff names defendants who are immune from suit and the events described appear to be facially time-barred by the Statute of Limitations.[17] If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[18]

---

[17] *See, e.g., Smith v. Social Security Administration,* Case No. 3:23-cv-00110-JMK, Docket 1 at 4 (describing events from 2012 to present); *Smith (Din Ogan Shango) v. Tandeskee*, Case No. 3:23-cv-00135-JMK, Docket 1 at 6 (describing events occurring in 2019).

[18] *See Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants that

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 6 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 6 of 11

**III.     Plaintiff May Not Bring Cases Previously Dismissed**

Federal courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[19] A court may on its own initiative dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties has been dismissed. Dismissal with prejudice prevents subsequent refiling because it is considered an "adjudication on the merits."[20] Once a plaintiff's claim is adjudicated, a person is precluded from bring the same claim again against those parties or those in privity with those parties.[21] Further, a case may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[22] Based on the Court's review,

---

Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action.").

[19] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

[20] Fed. R. Civ. P. 41(b).

[21] *See Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1051 (9th Cir. 2005) (a final judgment on the merits bars further claims by parties or their privies based on the same cause of action). *See also Sidhu v. Flecto Co.,* 279 F.3d 896, 900 (9th Cir. 2002) (preclusion applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.").

[22] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 7 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 7 of 11

most of Plaintiff's claims merely repeat claims brought previously.[23] These claims must be dismissed again as frivolous and duplicative of prior lawsuits.[24]

## IV. Plaintiff Names Defendants Who are Immune from Suit

As the Court has previously advised Plaintiff, the State of Alaska and state agencies are immune from suit in federal court.[25] The Court also has informed Plaintiff that state social workers are generally accorded absolute immunity from lawsuits related to their decisions to institute proceedings and their custody decisions.[26]

---

[23] *See, e.g., Smith v. Social Security Administration,* 3:14-cv-00086-RRB, Docket 3 (dismissing claims against the Social Security Administration and the Department of Homeland Security with prejudice as frivolous and for failure to state a claim); *Smith v. Johnston, et al.,* Case No. 3:16-cv-00101-SLG, Dockets 8 and 17 (dismissing claims against state social workers for failure to state a claim upon which relief may be granted and seeking monetary relief from defendants who appear to be immune from such relief).

[24] *See Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues); *Doe & Associates Law Offices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction . . . federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

[25] *Smith v. Johnston, et al.,* Case No. 3:16-cv-00101-SLG, Dockets 8 and 17.

[26] *Id. See also Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (per curiam); *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1109 (9th Cir. 2001).

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 8 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 8 of 11

## V.     Social Security Administration

Plaintiff claims that he was removed from a Social Security Administration office and assaulted by the police previously were dismissed and may not be realleged.[27] However, he also claims his benefits were denied and included documentation form the Social Security Administration.[28] To the extent Plaintiff seeks to challenge a decision of the Social Security Administration, Plaintiff is advised that a claimant in a Social Security case must exhaust his administrative remedies before filing a Complaint in federal district court.[29]

This administrative review process generally consists of the following four steps:  (1) initial determination; (2) reconsideration determination[30]; (3) hearing before an Administrative Law Judge ("ALJ"); and (4) Appeals Council review.[31] 42 U.S.C. § 405(g) allows review of any final decision of the Commissioner of

---

[27] Docket 6-1 at 98.  *See also Smith v. Social Security Administration,* 3:14-cv-00086-RRB, Docket 3 (dismissing claims against the Social Security Administration with prejudice as frivolous and for failure to state a claim).

[28] *See, e.g., Smith v. Social Security Administration,* Case No. 3:23-cv-00110-JMK, Docket 4-1 at 27, 42.

[29] 42 U.S.C. §§ 405(a), 406(g).

[30] The administrative review process in Alaska did not always include a "reconsideration" step. However, according to a report from the Office of Inspector General of the SSA on June 22, 2020, the SSA has reinstated the "reconsideration step" in the 10 non-reconsideration states (including Alaska). It was reinstated as of March 2020 in Alaska. *See* oig-files.ssa.gov/audits/full/A-01-19-50762.pdf.

[31] *See* 20 C.F.R. §§ 404.900, 416.1400.

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 9 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 9 of 11

Social Security ("Commissioner") made after a hearing, by a civil action in district court, commenced within 60 days after the mailing of notice of the decision to a claimant or as otherwise allowed by the Commissioner.[32]

## VI. Amendment is Futile

If a court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[33] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[34] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[35]

Plaintiff's names defendants who are immune from suit, repeats claims previously dismissed, and includes claims that likely are time-barred. The Court finds no other facts or defendants could be substituted to allege a plausible claim,

---

[32] *See* 42 U.S.C.A. § 405.

[33] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[34] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[35] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 10 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 10 of 11

so the Complaint must be dismissed. Because Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules and the directions of this Court and fails to present viable claims for the Court's adjudication, the Court finds amendment would be futile.[36]

**IT IS THEREFORE ORDERED:**

1. Each action is **DISMISSED with prejudice** as frivolous;

2. Allowing an opportunity to file an amended complaint would be futile;

3. All pending motions are **DENIED AS MOOT;** and

4. The Clerk of Court shall issue a final judgment.

DATED this 7th day of November, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[36] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

Case No. 3:23-cv-00100-JMK, *Smith v. Office of Children Service, et al.*
Case No. 3:23-cv-00110-JMK*, Smith v. Social Security Administration*
Case No. 3:23-cv-00134-JMK, *Smith v. Alaska Department of Revenue, et al.*
Case No. 3:23-cv-00135-JMK, *Smith  v. Tandeskee*
Case No. 3:23-cv-00136-JMK*, Smith v. Bannatine*
Case No. 3:23-cv-00244-JMK, *Smith v. Elmore, et al.*
Order of Dismissal
Page 11 of 11
Case 3:23-cv-00244-JMK   Document 5   Filed 11/07/23   Page 11 of 11